WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Christopher Walton Hopton,

    Petitioner,

v.

Charles L. Ryan, et al.,

    Respondents.

No. CV-16-00442-PHX-GMS

**ORDER**

Petitioner Christopher Hopton filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 16, 2016. (Doc. 1.) The Court subsequently assigned the matter to Magistrate Judge James F. Metcalf for consideration. (Doc. 3.) The Petitioner also moved for an evidentiary hearing as well as the appointment of counsel while his habeas corpus petition was pending. (Docs. 19, 20.) On September 1, 2016, Judge Metcalf issued a report and recommendation ("R&R") that the Court dismiss the habeas corpus petition as untimely, and to further deny the requested relief for the Petitioner's failure to exhaust and procedural default. (Doc. 30.) Petitioner filed pro se objections to the R&R. (Doc. 36.) For the following reasons, the Court will overrule the Petitioner's objections and adopt the Magistrate Judge's recommendations.

## BACKGROUND

Petitioner was indicted in Maricopa County Superior Court for one count of attempted sexual conduct with a minor and one count of sexual conduct with a minor on

November 3, 2011.[1] (Doc. 16, Ex. A at 3.) He subsequently entered a plea agreement, wherein he pleaded guilty to both counts as alleged in his indictment. (Doc. 16, Ex. B at 3.) On March 25, 2010, the Petitioner was sentenced to ten years imprisonment to be followed by a lifetime of probation. (Doc. 16, Ex. C at 3.) The Petitioner signed a "Notice of Rights" at sentencing. (Doc. 16, Ex. I at 2.) This document noted two things; first, the Petitioner did not have a right to a direct appeal and second, that the Petitioner had ninety (90) days to file a Notice of Post-Conviction Relief. (*Id.*)

Petitioner did not file a Notice of Post-Conviction Relief until more than a year later on April 27, 2012. (Doc. 16, Ex. C at 1.) He also filed a motion to vacate his conviction, a motion to file a delayed appeal, and a Petition for Post-Conviction Relief (PCR) at the same time. (Doc. 29, Ex. 05; Doc. 16 at Ex. F.) Each of these was denied on July 2, 2012. (Doc. 16, Ex. G.) The PCR Court found that 1) the Petitioner's Notice of Post-Conviction Relief was untimely, (Doc. 16, Ex. G at 3.), 2) the claims within the PCR were without merit, (*Id.*), 3) the motion to vacate the Petitioner's conviction was untimely as well, (*Id.*), and 4) the motion to file a delayed appeal was improper because as a pleading defendant, the Petitioner was "not entitled to pursue a delayed notice of appeal." (Doc. 16, Ex. G at 4.)

The Court of Appeals affirmed the findings of the PCR Court due to the untimeliness of Petitioner's filings without considering the substantive merits of his claims. (Doc. 28, Ex. G at 42.) A subsequent motion for reconsideration was denied on May 7, 2014. (Doc. 28, Ex. F.) The Petitioner then sought review by the Arizona Supreme Court, where his first petition was rejected for failing to comply with the page limit. (Doc. 28. Ex. E at 1.) His second, revised petition was also denied on February 10, 2015. (Doc. 28, Ex. B.)

---

[1] Petitioner objected to several aspects of the relevant factual and procedural background as outlined by Judge Metcalf, which will be discussed below. Therefore, this Court conducted a de novo review of the proceedings below to ensure that they aligned with Judge Metcalf's description. Upon review, the Court agrees with Judge Metcalf's characterization of these proceedings, but will also relate a brief summary of the relevant facts here.

These events led the Petitioner to file his currently pending Petition for Writ of Habeas Corpus on February 16, 2016. (Doc. 1.) He has also filed a motion for an evidentiary hearing as well as a motion to appoint counsel. (Docs. 20, 19.) On September 1, 2016, the Magistrate Judge entered his R&R recommending denial of relief. (Doc. 30.) Petitioner timely filed his objections.[2] (Doc. 36.) The government did not file a response, and thus these matters are now fully briefed.

# ANALYSIS

## I. Legal Standard

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all...of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II. Analysis

### A. Petitioner's Objections to the Magistrate Judge's Characterization of His Case

Petitioner filed numerous objections to the Magistrate Judge's summarization of the factual and procedural background of this matter. These objections are centered on one issue; the Magistrate Judge's failure to address the merits of the petitioner's current

---

[2] Petitioner's objections consist of a 128-page, handwritten document. A petition of this length violates the local rules of this Court, but the Court accepted and reviewed the document in its entirety. *See* L.R. Civ. P. 7.2(e)(3) ("Unless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."). The Court nevertheless feels no obligation to attempt to discern or address every point, pertinent or otherwise, that petitioner may have attempted to place in an objection that is thirteen times the length permitted by the rule. The Court will, however, lay out its reasoning for accepting the Magistrate Judge's recommendation in light of the pertinent objections filed by the Petitioner as the Court understands them giving them a liberal interpretation.

habeas petition.[3] However, this does not constitute an error on the Magistrate Judge's part, as the Petition is ultimately barred by the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1). Therefore, the Magistrate Judge was not obligated to delve into the foundation of the merits of the Petitioner's substantive claims, particularly in the background section of his R&R.[4] *See Ford v. Gonzalez*, 683 F.3d 1230, 1238 (9th Cir. 2012) ("The narrow issue before us is whether Ford's habeas claims are time-barred. Under AEDPA, this is a threshold question that we must decide *before* we reach the merits of a habeas petitioner's claims."). Nevertheless, this Court conducted its own review of the record and finds the factual and procedural background as described by the Magistrate Judge to be an accurate recounting of the events leading up to the current Petition for Writ of Habeas Corpus, (Doc. 1).

**B.    Petitioner's Writ of Habeas Corpus is Untimely and No Tolling Applies**

AEDPA imposes a one-year statute of limitations for all petitions for writs of habeas corpus challenging state court convictions and sentences under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The statute of limitations generally begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* However, in the alternative, the statute of limitations may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute of limitations should always begin to run on the later of these dates. *Id.*

---

[3] The Petitioner also seemingly objects to the magistrate judge's characterization of his state post-conviction relief filings. (Doc. 36 at 11.)

[4] Furthermore, the magistrate judge did address the factual foundation of the Petitioner's claims as they related to possible tolling of AEDPA's statute of limitations later on in his R&R. (Doc. 30 at 10–24.) Thus, the Petitioner's objections regarding the magistrate judge's interpretation of the factual and procedural background of the R&R are without merit.

The Petitioner objects to the Magistrate Judge's finding that 28 U.S.C. § 2244(d)(1)(D) does not apply to all of the claims in this case. (Doc. 30 at 13.) His objections center on 1) the Magistrate's alleged failure to review the substance of his claims, 2) the Magistrate's focus on his actions rather than those of his counsel, and 3) the fact that he was unaware of the factual predicate for his claims until he received evidentiary records from his former counsel. (Doc. 36 at 67, 74, 75.) The Petitioner asserts that he could not discover the factual predicate for his claims until he received the delivery of the entirety of the evidentiary record, in March of 2012, and thus the statute of limitations period should not have commenced until that date. (Doc. 36 at 73.) The current Petition was not filed until February of 2016. (Doc. 1.) Even assuming that the Petitioner is correct, his Petition is still untimely by almost three years. Because the Petition is untimely regardless of when the statute of limitation commences, the Court overrules the Petitioner's objections as irrelevant.

### 1. No Statutory Tolling Applies

The Petitioner does not object to the Magistrate Judge's finding that statutory tolling does not apply in this case, (Doc. 36 at 80). Therefore, having reviewed the Magistrate Judge's findings and finding them well-taken, the Court adopts the Magistrate Judge's finding that statutory tolling does not apply.

### 2. No Equitable Tolling Applies

The Petitioner objects to the Magistrate Judge's finding that equitable tolling does not apply in this circumstance. "To receive equitable tolling, '[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (quoting *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006)). The Petitioner objects because he believes that 1) he established that he diligently pursued his rights and 2) his attorneys' delay in sending him his case file and other evidentiary records established an extraordinary circumstance. For the following reasons, these objections are overruled.

The Petitioner waited until sixteen days prior to the expiration of his time to file his Notice of Post-Conviction Relief to contact his attorneys and request his case file. His attorneys may have ignored his request for several months, but the Petitioner did not even attempt to follow up with his attorneys for more than three months.[5] Upon receiving the bulk of his file from his attorneys, the Petitioner proceeded to sit on his claims for another year and half before filing his state court petition. His pursuit of his untimely state petition led him to file his federal petition at least three years late, if not more. Even if the Petitioner attempted to argue that this delay was caused by his desire to exhaust his state law claims, he could have avoided this situation by "filing a 'protective' habeas petition in federal court and asking the federal court to stay and abey the federal habeas petition until state remedies are exhausted." *Pace v. DiGugliemo*, 544 U.S. 408, 417 (2005). Thus, it cannot be said that the Petitioner acted with reasonable diligence in pursuing his claims. Where a petitioner fails to exercise reasonable diligence while facing extraordinary circumstances, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances did not prevent the untimely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

The Petitioner also objects on the basis that his attorneys' delay in responding to him constituted an extraordinary circumstance that justified the imposition of equitable tolling. Some instances of attorney misconduct can establish extraordinary circumstances, such as when an attorney ignores his client's repeated requests for information for years, or when an attorney who was hired to file a habeas petition on behalf of a prisoner wholly fails to do so and suppresses his file. *See Holland v. Florida*, 560 U.S. 631 (2010); *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003). Such is not the case here. The Petitioner continuously repeats and reemphasizes that he believes that his attorneys conduct did not comply with their obligations under the professional rules of

---

[5] Petitioner correctly noted that his delay between his initial contact with his attorneys and his follow up was three months, not six months as the magistrate judge indicated. (Doc. 36 at 71.) However, this miscalculation does not alter the soundness of the magistrate judge's underlying logic; a diligent prisoner would not allow months to go by without any word from his attorney before attempting to follow up.

- 6 -

responsibility throughout this period of time. (Doc. 36 at 91.) Even assuming that this is true, "a 'garden variety claim' of attorney negligence" is insufficient to establish an extraordinary circumstance. *Holland*, 560 U.S. at 652. It is also unclear whether the Petitioner's attorneys represented the Petitioner at the time of this alleged misconduct, as their representation apparently ended upon the entry of his plea agreement. (Doc. 16, Ex. F at 124.) Furthermore, in the absence of a showing of reasonable diligence, the conduct of the Petitioner's attorneys is insufficient to establish a need for equitable tolling. Therefore, the Petitioner's objections are overruled and the Magistrate Judge's findings regarding equitable tolling are adopted.

### 3. Petitioner Did Not Assert Actual Innocence

Petitioner also objects to the Magistrate Judge's finding that he did not make a claim of actual innocence. (Doc. 36 at 109.) To establish a claim of actual innocence, the Petitioner needs to show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013). This is a rare exception to AEDPA's statute of limitations, and it should be invoked "only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* (internal quotation and citation omitted). As one of the Petitioner's grounds for relief is a challenge to the validity of his guilty plea, he is entitled to seek an actual innocence claim. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). However, the Petitioner did not make an actual innocence claim at any point in his 200-page Petition for Writ of Habeas Corpus. (Doc. 1.) The Petitioner acknowledges in his objections that he did not raise such an argument in his original petition, but objects on the basis that the Magistrate Judge should have "liberally construed" his other claims to include a claim of actual innocence. (Doc. 36 at 109.) While the Magistrate Judge was obligated to and did construe the Petitioner's claims liberally due to his pro se status, he is not required to advance new legal arguments on behalf of the Petitioner and he appropriately avoided doing so in his R&R.

Furthermore, district courts are not required to address new arguments raised in objections to a magistrate judge's report. *See United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000). To the extent that the Petitioner objects to the Magistrate Judge's refusal to create an actual innocence claim on his behalf, his objections are overruled.

The Court adopts the R&R's finding that equitable tolling does not apply in this case. Even assuming that the statute of limitations did not begin to run until the Petitioner obtained his entire case file as well as the evidentiary recordings, this Petition is almost three years late. Therefore, the Court adopts the Magistrate Judge's finding that the Petition should be dismissed with prejudice.[6] (Doc. 30 at 24.)

As the Petition is dismissed with prejudice due to its untimeliness, the Court also adopts the Magistrate Judge's finding that the Motions for an Evidentiary Hearing and Appointment of Counsel are moot. (Docs. 20, 19.) Petitioner also lists objections to the Magistrate Judge's findings as to exhaustion, procedural default and procedural bar. Again, the facts of this case set forth the applicability of each of these doctrines as set forth by the Magistrate Judge in his R&R. While Petitioner repeats his general objections to the Magistrate Judge's determination that the substantive merits of his claims cannot be reached due to his failure to comply with the requirements of AEDPA, the Petitioner fails to establish any factual predicate required as an exception to any of these doctrines.

**IT IS THEREFORE ORDERED** that Magistrate Judge James F. Metcalf's Report and Recommendation, (Doc. 30), is **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Christopher Walton Hopton's Writ for Petition of Habeas Corpus, (Doc. 1), is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a

---

[6] The Magistrate Judge goes on to find that the Petitioner's claims are procedurally defaulted or barred. (Doc. 30.) The Court does not reach these issues or adopt these findings, as it finds that the timeliness issue is determinative.

certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 2nd day of June, 2017.

_____
Honorable G. Murray Snow
United States District Judge